UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE PHILLIPS,

                Plaintiff,

-against-

THE CITY OF MIDDLETOWN, *et al.*,

                Defendants.

17-CV-05307 (CS)

ORDER

CATHY SEIBEL, United States District Judge:

    Before the Court is Defendants' application for fees, (Doc. 83), and Plaintiff's counsel's opposition thereto, (Doc. 96). Familiarity with my Opinion and Order of July 23, 2020, (Doc. 81), is presumed. In that Opinion and Order, I directed that Plaintiff's counsel reimburse Defendant for the wasted time in moving for summary judgment. That time was wasted because Plaintiff submitted an expert report well after the deadline and after both sides' opening briefs had been filed. I nevertheless agreed to permit the late report and denied the summary judgment motion without prejudice to renewal.

    Defendant's counsel has submitted a bill for $7,350 for the time spent on the motion for summary judgment. This represents a reasonable number of hours (49) and a low hourly rate ($150). Plaintiff's counsel objects to any hours billed after November 8, 2019, the date on which Plaintiff provided a copy of the expert report to Defendants and asked defense counsel's consent to Plaintiff's anticipated motion to file a late expert report. Plaintiff's counsel suggests that defense counsel should have consented as a professional courtesy and that therefore any hours worked after that date should not be Plaintiff's counsel's responsibility.

    The expert report was dated November 7, 2019, more than three months after the deadline for expert discovery had passed. Additionally, the report was prepared five days after

Plaintiff's counsel signed his opposition to Defendants' summary judgment motion. (See Doc. 76 at 17 (Plaintiff's opposition dated November 2, 2019)). Because of the delay, Defendant had no obligation whatsoever to consent to Plaintiff's belated disclosure of the expert report. Agreeing to an inexcusably late expert disclosure, after two of the three summary judgment briefs are in and a court deadline for the third looms, is hardly the sort of thing reasonable lawyers expect of one another as a matter of courtesy. Further, Plaintiff did not seek permission to file the late report until November 14, (Doc. 61), and on November 20 I specifically directed Defendants' counsel to address the expert disclosure in his reply, (Doc. 62). Defendants' counsel was thus obligated to do the work to which Plaintiff objects. Plaintiff's counsel's argument boils down to the contention that Defendant's counsel should have rolled over in response to Plaintiff's counsel's unprofessional conduct. That argument is rejected.

Plaintiff's Counsel is ordered to reimburse Defendants in the amount of $7,350.

SO ORDERED.

Dated: August 27, 2020
White Plains, New York

_____
CATHY SEIBEL
United States District Judge